UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES L. DELNEGRO,

    Plaintiff,

v.                                                                            CASE No. 8:06-CV-873-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

The plaintiff, who was forty years old at the time of the administrative decision and who has a high school education (Tr. 28), has been employed, relevantly, as a production scanner operator and boat outfitter (Tr. 107, 188, 337-40). He filed claims for Social Security disability benefits and supplemental security income payments, alleging he became disabled due to a herniated disc (Tr. 82A). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of degenerative disc disease of the cervical spine, lumbar disc disease and morbid obesity (Tr. 30). The law judge concluded that these impairments restricted the plaintiff to a limited range of sedentary work (Tr. 32). The law judge determined that, in an eight-hour work day, the plaintiff can stand or walk for two hours and sit for six hours (<u>id</u>.). The law judge also included the additional limitations of occasionally climbing stairs, but never climbing ropes, ladders, scaffolds, kneeling, crouching or crawling (<u>id</u>.). Based upon the testimony of a vocational expert, the law judge determined that the plaintiff could return to his past work as a scanner operator (<u>id</u>.). The

plaintiff was therefore found to be not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff alleges he is disabled due to back, neck and headache problems with an onset date of October 1, 2001 (Tr. 334-35).[3] Previously, on August 23, 1997, while employed as a repairman for Holiday Inn, the plaintiff suffered a lumbar strain (Tr. 195). He was cleared to return to light duty work with bending and lifting restrictions in May 1998 (Tr. 195, 196). There are no further medical records until April 22, 2003, when the plaintiff reported to the Veterans Administration ("VA") hospital that he experienced back pain after lifting a forty-pound bag of salt for a softener unit (Tr. 276).

Thereafter, the medical evidence revealed only limited objective findings. In June 2003, the plaintiff was diagnosed as having degenerative disc disease between L5 and S1 (Tr. 258). An MRI of the plaintiff's lumbar spine in August 2003 demonstrated that there were "mild" degenerative changes (Tr. 247, 257). A cervical spine study performed in November 2003

---

[3] At the hearing, the law judge raised the issue of the plaintiff's alleged onset date of disability because he had indicated two different dates on his applications for benefits (Tr. 334). The plaintiff could not recall the date, but stated that his onset date was in the time frame between October and December 2001 (Tr. 335). Plaintiff's counsel indicated that the more accurate date was likely October 2001, rather than December 2001, since the plaintiff's first application was filed closer to the October date (id.).

indicated that the plaintiff had "mild narrowing between C5, C6 and C7" (Tr. 246).

Accordingly, the law judge concluded that "[t]he medical evidence pertaining to the claimant's physical impairments fails to support the claimant's allegations of severe pain" (Tr. 31). The plaintiff argues that the law judge erred in analyzing his complaints of pain (Doc. 14, pp. 12-17).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order

to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and referred to Landry, as well as the pertinent regulations and Social Security ruling (Tr. 31). This demonstrates that she applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Moreover, the law judge considered the plaintiff's various complaints and set forth reasons for discounting, at least to some extent, the

plaintiff's subjective allegations (Tr. 31-32). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had restrictions that limited him to certain sedentary work. The law judge only rejected the allegations of total disability. In this respect, the law judge discussed in detail the plaintiff's medical history (Tr. 29-30). She then concluded (Tr. 31):

> The medical evidence pertaining to the claimant's physical impairments fails to support the claimant's allegations of severe pain. First, the undersigned notes that all objective findings have been deemed to be "mild", "tiny," "small," and/or with absolutely no evidence of nerve root compromise or canal stenosis. The course of treatment can also be described as conservative at best. There are some degenerative changes and disease noted in both the cervical and lumbar spine, and this has been duly accounted for in the residual functional capacity detailed below. As well, all functional capacity assessments and work-related restrictions the claimant has been told to follow have also been accounted for below (Exhibits 2F and 7F).

This is an adequate and reasonable explanation for the law judge's credibility determination.

The plaintiff argues that the objective evidence supports his subjective complaints of pain (Doc. 14, pp. 14-15). This argument is unpersuasive. As the law judge pointed out, the objective findings, at most,

were "mild." Under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005). The weak medical evidence in this case certainly does not compel a finding that the plaintiff is totally disabled.

The plaintiff also asserts that the law judge was incorrect to say that "[t]he non-medical evidence of record also reveals that the claimant has only reported having 'mild' pain and 'small aches'" (Tr. 31). As the Commissioner points out, however, what the law judge was referring to were two forms submitted to the Social Security Administration in which the plaintiff used those terms to describe his condition (see Tr. 138, 163).

These earlier statements contrast with the plaintiff's testimony at the hearing that he is regularly in severe pain and must lie down between four and six hours during the day (Tr. 352-53). The law judge could reasonably consider these inconsistencies in evaluating the plaintiff's credibility. Moreover, while the law judge thought that this circumstance corroborated her

credibility determination, it was the weakness of the medical evidence that was the dispositive factor in that determination (Tr. 31).

Similarly unpersuasive is the plaintiff's assertion that the law judge erred in concluding that he first sought medical help due to monetary reasons (Doc. 14, p. 16). The law judge in her decision stated that "the evidence from the VA indicat[es] that the claimant first sought help not for physical pain, but for 'monetary assistance'" (Tr. 32). The plaintiff responds that he first began treatment at the VA for pain on April 22, 2003, and later that month was referred to the VA social services due to a financial crisis (Doc. 14, p. 16). However, the VA visit on April 22 was due to an acute injury that was sustained when the plaintiff was lifting a forty-pound bag of salt. (Incidentally, that activity contradicts a claim of a disabling back impairment.)

In all events, the plaintiff did not seek treatment for a chronic problem until financial circumstances caused him to go to the VA. Thus, the treatment note from the VA dated April 30, 2003, states that the plaintiff is "new to [the] clinic" and that the plaintiff "[s]tates he is out of money, is going to be thrown out of his house and will lose his car. Requesting earl[y] evaluation to help forestall above" (Tr. 274). Moreover, at the hearing, when

asked what prompted the plaintiff to go to the VA, he responded, "I had no money" (Tr. 348). Thus, the law judge could reasonably conclude that the plaintiff was motivated, at least to some extent, to seek treatment at the VA as a result of his financial circumstances. Furthermore, this, also, was simply a corroborating circumstance and, unlike the medical evidence, was not a dispositive factor.

In sum, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for her credibility determination. It has long been the law that this court is not authorized to second guess that determination. See Celebrezze v. O'Brient, supra.

In his second argument, the plaintiff asserts that the law judge failed to consider the combined effect of all of the plaintiff's impairments (Doc. 14, pp. 17-19). In support of his argument, the plaintiff argues that the law judge did not analyze the effects of the plaintiff's obesity (id.).

It is obvious to me that the law judge did. The law judge found that the plaintiff's obesity was a severe impairment (Tr. 30). Moreover, the law judge clearly recognized that she had to consider the combined effects of the plaintiff's impairments. Thus, for example, the law judge stated that "[t]he

-11-

sequential evaluation [at step two] involves a determination as to whether the claimant has any severe physical or mental impairments, or combination of impairments" (Tr. 28). A similar statement was made concerning the next step in the sequence (Tr. 31).

Furthermore, the law judge found that the plaintiff's severe impairments, which included obesity, restricted the plaintiff to a limited range of sedentary work. There is no evidence in the record indicating that the plaintiff, due to his obesity, has greater functional limitations than that. Indeed, there is no evidence indicating that the plaintiff's obesity even restricts him to that degree. Consequently, the plaintiff has failed to demonstrate that the law judge erred in her evaluation of the plaintiff's obesity.

In his final argument, the plaintiff contends that new and material evidence requires a remand for consideration of the evidence (Doc. 14, pp. 19-20). Thus, the plaintiff in essence argues that this court should review the Appeals Council's evaluation of the evidence (id.). The Commissioner correctly points out that where, as here, the Appeals Council has denied review, this court, at most, can review simply whether the Appeals Council has considered the new evidence; it is not authorized to review the Appeals

Council's evaluation of that evidence. Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

In this case, the Appeals Council has expressly stated that it has considered the new evidence (Tr. 2, 5). Thus, a remand cannot be based on a failure by the Appeals Council to consider the new evidence.

The new evidence, however, could support a remand under sentence six of 42 U.S.C. 405(g). Falge v. Apfel, supra, 150 F.3d at 1323. In order to obtain such a remand, the plaintiff must demonstrate that (1) the evidence is new and not cumulative, (2) the evidence is material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the evidence at the appropriate administrative level. Id. The plaintiff has not satisfied these three criteria. In fact, the plaintiff has not even mentioned sentence six or these criteria. Consequently, any request for a remand pursuant to sentence six is deemed abandoned (Doc. 11).

Moreover, without considering each of the criteria, it seems apparent that the plaintiff cannot demonstrate good cause for the failure to submit the evidence to the law judge. All of the evidence was in existence

more than two months before the law judge entered her decision, some of it many months before.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is therefore AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of June, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE